53rd at Third
885 Third Avenue
New York, New York 10022-4834
Tel: +1.212.906.1200 Fax: +1.212.751.4864
www.lw.com

# LATHAM&WATKINSLLP

| | |
|---|---|
| **USDC SDNY** | |
| **DOCUMENT** | |
| **ELECTRONICALLY FILED** | |
| DOC #: _____ | |
| DATE 10/27/2020 | |

October 26, 2020

**VIA ECF**

The Honorable Colleen McMahon
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Beijing | Moscow |
| Boston | Munich |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

10/27/2020

Re: *In Re Omnicom Group, Inc. ERISA Litigation*, No. 1:20-cv-04141-CM-SLC

Dear Judge McMahon: MEMO ENDORSED

On behalf of Defendants in the above-captioned matter, I write pursuant to Your Honor's Individual Practices to request permission to file five exhibits to the Declaration of Jeff G. Hammel (the "Declaration") in support of Defendants' Motion to Dismiss (the "Motion") under seal.

In support of the Motion, Defendants intend to submit as Exhibits 10 – 14 of the Declaration the Omnicom Group Retirement Savings Plan Transaction History statements (the "Statements") from May 29, 2014 to August 10, 2020 of Surfina Adams, Daniel S. Dise, Carol A. Maisonette, Michael Mensack, and Shane Tepper (the "Named Plaintiffs"). While there is a presumption of public access to judicial documents, courts have "considerable discretion in determining whether good cause exists to overcome the presumption of open access to documents." *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000); *see also Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) ("[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts. . . . [A]fter determining the weight of the presumption of access, the court must balance competing considerations against it . . . [including] the privacy interests of those resisting disclosure.") (citations and internal quotation marks omitted).

The Statements contain the sensitive personal and financial information of the Named Plaintiffs. Defendants have redacted the social security numbers, dates of birth, financial account numbers, and home addresses contained on the Statements. However, because the Statements still contain the "individual financial information" of the Named Plaintiffs, Defendants are "exercise[ing] caution when filing documents that contain" such information. *See S.D.N.Y. Notice Regarding Privacy and Public Access to Electronic Civil and Criminal Case Files*. The sensitive information is not germane to the merits of this litigation and is not the type

**LATHAM&WATKINS**LLP

of information to which the general public should have wide-ranging access. The risk of harm to the Named Plaintiffs therefore outweighs any limited public interest in access to such information. *See Lugosch*, 435 F.2d at 119-20.

Accordingly, Defendants respectfully request that the Court order that the ECF Clerk permanently seal Exhibits 10 – 14 of the Declaration of Jeff G. Hammel. Counsel for Plaintiffs has informed us that Plaintiffs do not object to this request.

Respectfully Submitted,

*/s/ Jeff G. Hammel*
Jeff G. Hammel
of LATHAM & WATKINS LLP

*One of the Attorneys for Defendants*
*Omnicom Group, Inc., the Board of Directors of*
*Omnicom Group, Inc., and the Administrative*
*Committee of the Omnicom Group Retirement*
*Savings Plan*

cc:     All Counsel of Record via ECF