UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE OMNICOM GROUP, INC. ERISA LITIGATION | Consolidated Case No. 1:20-cv-04141-CM-SLC |

**DEFENDANTS' ANSWER TO THE
SECOND AMENDED COMPLAINT**

Defendants Omnicom Group Inc., the Board of Directors of Omnicom Group Inc., and the Omnicom Group Inc. Administrative Committee (collectively, "Defendants"), hereby answer Plaintiffs' Second Amended Complaint. Except to the extent expressly admitted, Defendants deny each and every allegation in the Second Amended Complaint, including any allegations contained in its headings or footnotes. With respect to any purported document cited to or quoted in the Second Amended Complaint, Defendants do not admit that the documents are accurate, relevant, or admissible in this action, and Defendants reserve all objections regarding admissibility. Defendants expressly reserve the right to seek to amend and/or supplement this Answer as may be necessary.

With respect to specific paragraphs of the Second Amended Complaint, Defendants respond as follows:

1. Paragraph 1 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Plaintiffs purport to bring claims against Defendants under the Employee Retirement Income Security Act of 1974 ("ERISA") and other law, and Defendants otherwise deny the allegations in Paragraph 1.

1

2. The first sentence of Paragraph 2 contains a legal conclusion for which no response is required, but to the extent a response is required, Defendants deny it. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that 401(k) plans have become the primary retirement savings plan in the United States or "America's de facto retirement system," and on that basis deny it. Defendants otherwise deny the allegations in Paragraph 2.

3. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3 and on that basis deny them.

4. Defendants admit only that as of December 31, 2018, the Plan had 36,807 participants with account balances and assets totaling nearly $2.8 billion. Footnote 1 to Paragraph 4 cites a BrightScope/ICI report; that document speaks for itself, and Defendants lack knowledge or information sufficient to admit or deny the accuracy of its contents. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second and third sentences of Paragraph 4, and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 4 (including Footnote 1).

5. Defendants admit only that Omnicom sponsors the Plan. Paragraph 5 otherwise asserts legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations in Paragraph 5.

6. Defendants deny the allegations in Paragraph 6.

7. Paragraph 7 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 7, except that Defendants admit that Plaintiffs purport to bring a class action as described under ERISA. Defendants deny that Plaintiffs are entitled to any relief on their claims.

8. Defendants deny the allegations in Paragraph 8, except that Defendants admit that Plaintiffs purport to seek relief as described in Paragraph 8 on behalf of a putative class. Defendants deny that Plaintiffs are entitled to any relief on their claims.

9. Defendants admit that Maisonette has been a participant in the Plan. Defendants deny that Maisonette is a former employee of Omnicom, which is a holding company, but admit that Maisonette is a former employee of an Omnicom subsidiary. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 and on that basis deny them.

10. Defendants admit only that, from the beginning of the putative class period until December 31, 2018, a portion of Maisonette's Plan balance was invested in the Fidelity Freedom 2015 Fund, and that since August 2019 Maisonette's Plan balance has been invested in the FIAM Blend Target Date 2015 Commingled Pool. Defendants otherwise deny the allegations in Paragraph 10.

11. Defendants admit that Tepper has been a participant in the Plan. Defendants deny that Tepper is a former employee of Omnicom, which is a holding company, but admit that Tepper is a former employee of an Omnicom subsidiary. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 and on that basis deny them.

12. Defendants admit the allegations in Paragraph 12.

13. Defendants admit that Adams has been a participant in the Plan. Defendants deny that Adams is a former employee of Omnicom, which is a holding company, but admit that Adams is a former employee of an Omnicom subsidiary. Defendants lack knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 and on that basis deny them.

14.     Defendants admit the allegations in Paragraph 14, except that Adams took a full rollover distribution in May 2020 and is no longer invested in the Plan.

15.     Defendants admit that Mensack has been a participant in the Plan. Defendants deny that Mensack is a former employee of Omnicom, which is a holding company, but admit that Mensack is a former employee of an Omnicom subsidiary. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15 and on that basis deny them.

16.     Defendants admit the allegations in Paragraph 16.

17.     Defendants admit that Dise has been a participant in the Plan. Defendants deny that Dise is a former employee of Omnicom, which is a holding company, but admit that Dise is a former employee of an Omnicom subsidiary. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17 and on that basis deny them.

18.     Defendants admit the allegations in Paragraph 18.

19.     Defendants admit the allegations in Paragraph 19.

20.     Defendants admit only that certain members of the Administrative Committee were appointed by the Board. Paragraph 20 otherwise asserts legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations in Paragraph 20.

21.     The first sentence of Paragraph 21 asserts a legal conclusion to which no response is required, but to the extent a response is required, Defendants admit only that the Administrative Committee is designated to administer the Plan and deny the remaining allegations in the first

sentence of Paragraph 21. Defendants admit the allegations in the second sentence of Paragraph 21. Defendants deny the allegations in the third sentence of Paragraph 21.

22. The first sentence of Paragraph 22 asserts a legal conclusion to which no response is required, but to the extent a response is required, Defendants deny the allegation. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and on that basis deny them.

23. Defendants deny the allegations in Paragraph 23, except that Defendants admit that Plaintiffs purport to seek relief under ERISA. Defendants deny that Plaintiffs are entitled to any relief.

24. Paragraph 24 asserts a legal conclusion for which no response is required, but to the extent a response is required, Defendants deny the allegation.

25. Defendants admit that Omnicom's principal place of business is in this District. Paragraph 25 asserts a legal conclusion for which no response is required, but to the extent a response is required, Defendants deny the allegation. Defendants otherwise deny the allegations in Paragraph 25.

26. Defendants deny the allegations in Paragraph 26, including the legal conclusions for which no response is required.

27. Defendants deny the allegations in Paragraph 27, except Defendants admit that participants in the Plan are responsible for directing the investment of their contributions. Defendants also admit that, from time to time, available investment options in the Plan have included various mutual funds and collective investment trusts. Defendants also admit that, from time to time, certain Plan participants may have been eligible to invest in the common stock of

Omnicom. Defendants otherwise deny the allegations in Paragraph 27, including the incomplete purported summary of the Plan's operations.

28. Defendants deny the allegations in Paragraph 28, including the incomplete and inaccurate purported summary of the characteristics of mutual funds.

29. Defendants deny the allegations in Paragraph 29, including the incomplete and inaccurate purported summary of the characteristics of collective trusts.

30. Defendants deny the allegations in the first sentence of Paragraph 30, except that Defendants admit only that the Plan operates, in part, as an employee stock ownership plan. Defendants deny the allegations in the second sentence of Paragraph 30.

31. Defendants deny the allegations in Paragraph 31, except Defendants admit only that, during the putative class period, Fidelity Management Trust Company held the Plan's assets in trust.

32. Defendants deny the allegations in Paragraph 32.

33. Defendants admit only that, from time to time, the Plan has offered a suite of target date funds as investment options in the Plan. Defendants otherwise deny the allegations in Paragraph 33, including the inaccurate and incomplete purported summary of the characteristics of target-date funds.

34. Defendants admit only that the Fidelity Freedom Fund target date suite was an investment option in the Plan from at least December 31, 2009, until it was replaced as an investment option in the Plan by the FIAM Blend suite on or about March 14, 2019. Defendants lack knowledge or information sufficient to form a belief about whether Fidelity is the "second largest target date fund provider by total assets" and on that basis deny the allegation. Defendants otherwise deny the allegations in Paragraph 34 (including Footnotes 2, 3, and 4), including the

allegations that purport to summarize portions of the Plan's Form 5500 filings, which speak for themselves.

35. Defendants deny the allegations in Paragraph 35 (including Footnotes 5 and 6), including the inaccurate and incomplete purported summary of the characteristics of certain target-date suites offered by Fidelity and of uncited statements from Morningstar.

36. Paragraph 36 asserts a legal conclusion to which no response is required, but to the extent a response is required, Defendants admit only that the Fidelity Freedom Fund target date suite with the target date year that was closest to the participant's assumed retirement age of 65 served as the Plan's Qualified Default Investment Alternative under ERISA until its replacement with the FIAM Blend suite. Defendants otherwise deny the allegations in Paragraph 36.

37. Defendants admit only that as of December 31, 2018, approximately 32% of the Plan's assets were invested in the Active suite. Defendants otherwise deny the allegations in Paragraph 37.

38. Defendants deny the allegations in Paragraph 38, including the inaccurate and incomplete purported summary of characteristics of certain actively managed target-date suites offered by Fidelity.

39. Defendants deny the allegations in Paragraph 39 (including Footnote 7), including the inaccurate and incomplete purported summary of the characteristics of actively managed funds. Footnote 7 cites a Morningstar report, which speaks for itself, and Defendants lack knowledge or information sufficient to admit or deny the accuracy of its contents.

40. Defendants deny the allegations in Paragraph 40, including the inaccurate and incomplete purported summary of the characteristics of Fidelity-managed funds.

41. Defendants deny the allegations in Paragraph 41 (including any charts or tables), including the inaccurate and incomplete purported summary of the characteristics of Fidelity-managed funds.

42. Defendants lack knowledge or information sufficient to admit or deny the accuracy of the contents of the cited Reuters report and referenced but uncited Morningstar publication, both of which speak for themselves. Defendants otherwise deny the allegations in Paragraph 42 (including Footnotes 8 and 9).

43. Defendants deny the allegations in Paragraph 43 (including Footnote 10), except Defendants admit that as of December 31, 2018, the Plan had investments of approximately $53.2 million in the Fidelity Freedom 2020 Fund.

44. Defendants deny the allegations in Paragraph 44 (including any charts or tables), including the inaccurate and incomplete purported summary of the characteristics of certain Fidelity-managed funds.

45. Defendants deny the allegations in Paragraph 45 (including any charts or tables).

46. Defendants lack knowledge or information sufficient to admit or deny the accuracy of the contents of the cited NEPC report, which speaks for itself. Defendants otherwise deny the allegations in Paragraph 46 (including Footnote 11).

47. Defendants lack knowledge or information sufficient to admit or deny the accuracy of the contents of the cited Morningstar report, which speaks for itself. Defendants otherwise deny the allegations in Paragraph 47 (including Footnote 12).

48. Defendants lack knowledge or information sufficient to admit or deny the accuracy of the contents of the uncited Morningstar analysis, which speaks for itself. Defendants otherwise deny the allegations in Paragraph 48 (including any charts or tables).

49. Defendants deny the allegations in Paragraph 49 (including Footnote 13 and any charts or tables), including the inaccurate and incomplete purported summary or characterization of the Active Suite's performance without any citation to authority or context.

50. Defendants deny the allegations in Paragraph 50, including the inaccurate and incomplete purported summary or characterization of the Active Suite's performance without any citation to authority or context.

51. Defendants admit only that as of December 31, 2018, the Plan had nearly $2.8 billion in assets and 36,807 participants. Defendants lack knowledge or information sufficient to admit or deny the accuracy of the contents of the cited 401k Averages Book, which speaks for itself. Defendants otherwise deny the allegations in Paragraph 51 (including Footnote 14), including the purported summary of district court cases, which speak for themselves.

52. Defendants admit only that since April 1, 2019, Plan participants have paid a $34 per-participant annual recordkeeping fee, and since January 1, 2020, Plan participants have paid a $12 per-participant annual administrative fee. Defendants otherwise deny the allegations in Paragraph 52 (including Footnote 15), including the inaccurate and incomplete purported summary of *Moitoso v. FMR LLC*, 2020 WL 1495938 (D. Mass. 2020), which speaks for itself.

53. Defendants deny the allegations in Paragraph 53.

54. Defendants deny the allegations in Paragraph 54.

55. Defendants lack knowledge or information sufficient to admit or deny the accuracy of the contents of the cited August 2020 Brightscope/ICI study, which speaks for itself. Defendants otherwise deny the allegations in Paragraph 55 (including any charts or tables).

56. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first, third, and fourth sentences of Paragraph 56, which are made without

any citation to support or authority. Defendants lack knowledge or information sufficient to admit or deny the accuracy of the contents of the cited August 2020 Brightscope/ICI study, which speaks for itself. Defendants deny the remaining allegations in Paragraph 56 (including Footnotes 16 and 17).

57. Defendants deny the allegations in Paragraph 57 (including any charts or tables).

58. Defendants deny the allegations in Paragraph 58.

59. Defendants deny the allegations in Paragraph 59.

60. Paragraph 60 asserts legal conclusions for which no response is required, and the cited statutory provision speaks for itself, but to the extent a response is required, Defendants deny the allegations.

61. Paragraph 61 asserts legal conclusions for which no response is required, and the cited statutory provision speaks for itself, but to the extent a response is required, Defendants deny the allegations.

62. Paragraph 62 asserts legal conclusions for which no response is required, and the relevant statutory provisions speak for themselves, but to the extent a response is required, Defendants deny the allegations.

63. Paragraph 63 asserts legal conclusions for which no response is required, and the relevant statutory provisions speak for themselves, but to the extent a response is required, Defendants deny the allegations.

64. Paragraph 64 asserts legal conclusions for which no response is required, and the cited statutory provision speaks for itself, but to the extent a response is required, Defendants deny the allegations.

65. Paragraph 65 asserts a legal conclusion for which no response is required, and the cited statutory provision speaks for itself, but to the extent a response is required, Defendants deny the allegations. To the extent Paragraph 65 purports to characterize the terms of ERISA, Defendants deny any characterization contrary to the terms of the statute.

66. Paragraph 66 asserts legal conclusions for which no response is required. To the extent a response is required, Defendants admit only that Plaintiffs purport to assert claims on behalf of the described class, but Defendants deny that this action can be maintained as a class action and that Plaintiffs are entitled to relief. Defendants otherwise deny the allegations in Paragraph 66.

67. Paragraph 67 asserts a legal conclusion for which no response is required, but to the extent a response is required, Defendants deny the allegations.

68. Paragraph 68 asserts a legal conclusion for which no response is required, but to the extent a response is required, Defendants deny the allegations.

69. Paragraph 69 asserts a legal conclusion for which no response is required, but to the extent a response is required, Defendants deny the allegations.

70. Paragraph 70 asserts a legal conclusion for which no response is required, but to the extent a response is required, Defendants deny the allegations.

71. Paragraph 71 asserts a legal conclusion for which no response is required, but to the extent a response is required, Defendants deny the allegations.

72. Paragraph 72 asserts a legal conclusion for which no response is required, but to the extent a response is required, Defendants deny the allegations.

73. Paragraph 73 asserts a legal conclusion for which no response is required, but to the extent a response is required, Defendants deny the allegations.

74. Paragraph 74 asserts a legal conclusion for which no response is required, but to the extent a response is required, Defendants deny the allegations.

75. Paragraph 75 asserts a legal conclusion for which no response is required, but to the extent a response is required, Defendants deny the allegations.

76. Paragraph 76 asserts a legal conclusion for which no response is required, but to the extent a response is required, Defendants deny the allegations. Defendants deny that Plaintiffs are entitled to any relief on their claims.

77. Paragraph 77 asserts a legal conclusion for which no response is required, but to the extent a response is required, Defendants deny the allegations.

78. Paragraph 78 asserts a legal conclusion for which no response is required, but to the extent a response is required, Defendants deny the allegations.

79. Paragraph 79 incorporates Paragraphs 1 through 78 of the Complaint. Defendants likewise incorporate their responses to Paragraphs 1 through 78 of the Complaint as if set forth in full.

80. Defendants deny the allegations in Paragraph 80.

81. Defendants deny the allegations in Paragraph 81.

82. Defendants deny the allegations in Paragraph 82.

83. Defendants deny the allegations in Paragraph 83.

84. Paragraph 84 incorporates Paragraphs 1 through 83 of the Complaint. Defendants incorporate their earlier responses to Paragraphs 1 through 83 of the Complaint as if set forth in full.

85. Defendants deny the allegations in Paragraph 85, including the inaccurate and incomplete purported summary of aspects of the Plan and of documents governing the plan and its administration, which speak for themselves.

86. Paragraph 86 asserts legal conclusions, to which no response is required, but to the extent a response is required, Defendants deny the allegations.

87. Paragraph 87 asserts legal conclusions for which no response is required, but to the extent a response is required, Defendants deny the allegations.

88. Paragraph 88 asserts legal conclusions for which no response is required, but to the extent a response is required, Defendants deny the allegations.

89. Defendants deny the allegations in Paragraph 89.

90. Defendants deny the allegations in Paragraph 90.

91. Defendants deny the allegations in Paragraph 91.

92. Defendants deny the allegations in Paragraph 92.

93. Paragraph 93 incorporates Paragraphs 1 through 92 of the Complaint. Defendants incorporate their earlier responses to Paragraphs 1 through 92 of the Complaint as if set forth in full.

94. Defendants deny the allegations in Paragraph 94.

95. Defendants deny the allegations in Paragraph 95.

\* \* \*

**Jury Demand:** Defendants deny that Plaintiffs are entitled to a jury trial. Defendants intend to move to strike Plaintiffs' jury demand by separate motion.

\* \* \*

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses[1] to the Second Amended Complaint and each alleged claim contained therein, Defendants allege as follows:

### FIRST DEFENSE

Plaintiffs lack Article III and/or statutory standing to bring the claims alleged, including allegations regarding funds in which Plaintiffs did not invest.

### SECOND DEFENSE

Plaintiffs' claims, in whole or in part, fail to state a claim upon which relief can be granted, because (among other reasons) the Defendants engaged in a prudent process to select and monitor investment options and fees, the Plan's investments and fees were substantively and objectively prudent, the fees associated with the Plan were reasonable and properly disclosed, and a hypothetical prudent fiduciary would have selected the same investment options and negotiated similar recordkeeping fees.

### THIRD DEFENSE

Plaintiffs' claims are barred because they have not sustained any cognizable injury attributable to Defendants' conduct.

### FOURTH DEFENSE

Plaintiffs' claims must be dismissed in whole or in part because Plaintiffs failed to exhaust administrative remedies or to satisfy the statutory conditions precedent for their claims

---

[1] By setting forth these affirmative defenses, Defendants do not assume the burden of proving or negating any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs.

14

## FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations or the equitable doctrine of laches.

## SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

## SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

## EIGHTH DEFENSE

Some or all of Plaintiffs' claims may be barred by release or payment.

## NINTH DEFENSE

Plaintiffs' claims against Defendants are barred, in whole or in part, because one or more of the Defendants are not, or were not acting as, fiduciaries within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1102(21)(A), with respect to certain conduct alleged by Plaintiffs.

## TENTH DEFENSE

Plaintiffs' claims against Defendants are barred, in whole or in part, because Defendants cannot be liable for acts or omissions relating to fiduciary responsibilities properly delegated to others. *See* 29 U.S.C. § 1105(c).

## ELEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by application of ERISA § 404(c), 29 U.S.C. § 1104(c), including that Plaintiffs exercised independent control over their investment elections in the Plan.

**TWELFTH DEFENSE**

Plaintiffs' conduct bars, estops, or waives the asserted claims, and any alleged damages were caused, in whole or in part, by persons for whom Defendants are not legally liable such that Defendants cannot be held responsible.

**THIRTEENTH DEFENSE**

Any loss that Plaintiffs allege was caused by the acts or omissions of persons or entities over which Defendants had no responsibility or control, including Plaintiffs, who exercised discretionary authority over their individual accounts under the Plan or over their management or disposition of the Plan's assets.

**FOURTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because any loss that Plaintiffs allege was not directly or proximately caused by any wrongdoing or fiduciary breach by Defendants or persons and entities over which Defendants had responsibility or control.

**FIFTEENTH DEFENSE**

If Plaintiffs have stated a claim on which relief can be granted, Plaintiffs have proximately caused, contributed to, or failed to mitigate any and all losses they claim to have suffered.

**SIXTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because they seek relief unavailable under ERISA, including under ERISA §§ 409 and 502(a)(2), 29 U.S.C. §§ 1109 and 1132(a)(2), and ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

**SEVENTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, inasmuch as they are not entitled to benefits from the Plan or any relief from any of the Defendants.

## EIGHTEENTH DEFENSE

Insofar as Plaintiffs purport to allege a claim of some failure to "fully disclose" information to participants, Defendants complied with any and all statutory and regulatory disclosure requirements.

## NINETEENTH DEFENSE

Insofar as Plaintiffs purport to allege a claim of "prohibited transactions," any claims under ERISA § 406 (29 U.S.C. § 1106) are barred, in whole or in part, by the exemptions set forth in ERISA § 408, 29 U.S.C. § 1108, and any other applicable prohibited transaction exemptions issued by the Department of Labor.

## TWENTIETH DEFENSE

Plaintiffs are not entitled to certification of this action as a class because they cannot satisfy the requirements of Federal Rule of Civil Procedure 23.

* * *

Defendants reserve the right to rely on all further affirmative defenses that become available or appear during discovery proceedings in this action, and Defendants reserve the right to amend this Answer for the purpose of asserting any such additional affirmative defenses.

WHEREFORE, Defendants demand judgment dismissing the Second Amended Complaint with prejudice and an award to Defendants of their attorneys' fees and costs, and such further relief as the Court deems appropriate.

Dated: September 27, 2021
New York, New York

Respectfully Submitted,

**LATHAM & WATKINS LLP**

*/s/ Jeff G. Hammel*
Jeff G. Hammel
Adam B. Shamah
1271 Avenue of the Americas
New York, NY 10020
Tel: (212) 906-1200
Fax: (212) 751-4864
Email:  jeff.hammel@lw.com
adam.shamah@lw.com

Peter A. Wald (*pro hac vice*)
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Tel: (415) 391-0600
Fax: (415) 395-8095
Email:  peter.wald@lw.com

*Attorneys for Defendants Omnicom Group Inc., the Board of Directors of Omnicom Group Inc., and Omnicom Group Inc. Administrative Committee*