USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 2|14|2022

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

In re Omnicom Group Inc. ERISA Litigation

No.: 1:20-cv-04141-CM

Judge: Hon. Colleen McMahon

## STIPULATED PROTECTIVE ORDER

Plaintiffs Shane Tepper, Surfina Adams, Michael Mensack, Carol Maisonette, and Daniel Dise ("Plaintiffs") and Defendants Omnicom Group, Inc., the Board of Directors of Omnicom Group, Inc., the Administrative Committee of the Omnicom Group Retirement Savings Plan ("Defendants"), by and through their undersigned counsel, have agreed to the terms of this Protective Order; accordingly, it is ORDERED:

1. **Scope.** All materials produced or disclosed by any party or non-party to any party in connection with the above-referenced action, including but not limited to initial disclosures, responses to discovery requests or subpoenas, deposition testimony and exhibits, expert reports, and information derived from any such materials, shall be subject to this Order concerning Protected Information (as defined below).

2. **Designation.**

(a)    A party may designate a document as Protected Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the document and on all copies in a manner that will not interfere with the legibility of the document, or, where words cannot be readily affixed to such document (such as, for example, certain native files, or videos, or audio recordings), the party may designate such documents as

1

Protected Information by designating them by bates number or by otherwise describing the document.

        **(b)**    As used in this Order:

        **(1)**    "Confidential Information" means non-public information designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," that the producing party believes in good faith to contain confidential information.

        **(2)**    "Highly Confidential – Attorneys' Eyes Only Information" (together with Confidential Information, "Protected Information") means materials that the producing party in good faith believes contains information that, if disclosed, would create a substantial risk of causing the producing Party to suffer a significant competitive or commercial disadvantage, such as (a) materials revealing proprietary business information, (b) trade secrets including non-public creative intellectual property, or (c) other competitively sensitive information.

        **(3)**    "Copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Protected Information.

        **(c)**    The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be applied prior to or at the time of the documents are produced or disclosed. Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

        **(d)**    Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall also be so marked, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Protected Information are not required to be marked.

2

3.     **Depositions**.  Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Protected Information until the twenty-first day after the transcript is delivered to any party or the witness. Within this time period, a party may serve a notice to all parties of record ("Notice of Designation") as to specific portions of the testimony that are designated Protected Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order.  The failure to serve a timely notice shall waive any designation of testimony taken in that deposition as Protected Information, unless otherwise ordered by the Court.

4.     **Protection of Protected Information**.

(a)     **General Protections.**  Protected Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation or any appeal thereof.

(b)     **Limited Disclosures of Confidential Information.**  The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(9).  Subject to the requirements set forth herein, the following categories of persons may be allowed to review Confidential Information:

(1)     **Counsel.**  Counsel for the parties and employees of counsel who have responsibility for the action;

(2)     **Parties.**  Individual parties and employees of a party, but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(3)     **The Court and its personnel**;

(4)     **Court Reporters and Recorders.**  Court reporters and recorders engaged for depositions, hearings, or trial;

3

(5)     **Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(6)     **Consultants and Experts.** Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(7)     **Witnesses.** Witnesses in this action to whom a party in good faith deems disclosure to be reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. A witness who is shown Discovery Material designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" during a deposition may review the material while reviewing his or her transcript, provided that any such material is not retained by the witness after he or she has completed his or her review of the transcript for accuracy. A witness is authorized to review a complete copy of his or her deposition transcript, including all exhibits, in preparation for testifying at any hearing or trial in connection with this action.

(8)     **Author or recipient.** The author or recipient of the document (not including a person who received the document in the course of litigation); and

(9)     **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(c)     **Limited Disclosure of "Highly Confidential – Attorneys' Eyes Only"**

**Information.** The parties and counsel for the parties shall not disclose or permit the disclosure of any Highly Confidential – Attorneys' Eyes Only Information to any person or entity except as set forth in subparagraphs (1)-(6). Subject to the requirements set forth herein, the following categories of persons may be allowed to review Highly Confidential – Attorneys' Eyes Only Information:

(1)     **Counsel.** Counsel for the parties and employees of counsel who have responsibility for the action;

(2)     **The Court and its personnel;**

4

(3) **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions, hearings, or trial;

(4) **Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(5) **Consultants and Experts.** Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

(6) **Witnesses.** Witnesses where at least one of the following conditions applies:

    a.    The witness is currently employed or was employed by the Designating Party at the time that the Discovery Material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" was created

    b.    The attorney showing the witness the Discovery Material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" represents the Designating Party

    c.    The witness's name appears on the Discovery Material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as a person who has previously seen or had access to the material or it is otherwise established that the witness has previously seen or had access to the material or knows the information contained within it; or

    d.    If the witness meets none of the above conditions, a Party wishing to show the witness the Discovery Material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" notifies the Designating Party of that intent and provides the Designating Party an opportunity to object by motion or telephone call to the Court before disclosure is made, or, at trial or pretrial hearings, presents a copy of the Discovery Material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to counsel for the Designating Party prior to use, and permitting such counsel an opportunity to object to the Court, before the document is shown to the witness.

Witnesses shown Discovery Material designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this paragraph shall not be allowed to retain copies of the material. A witness

5

> who is shown Discovery Material designated "HIGHLY CONFIDENTIAL
> – ATTORNEYS' EYES ONLY" during a deposition, however, may review
> the material while reviewing his or her transcript, provided that any such
> material is not retained by the witness after he or she has completed his or
> her review of the transcript for accuracy. A witness is authorized to review
> a complete copy of his or her deposition transcript, including all exhibits, in
> preparation for testifying at any hearing or trial in connection with this
> action.

**5.** **Control of Documents.** Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Protected Information. Counsel shall maintain copies of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

**6.** **Inadvertent Failure to Designate.** An inadvertent failure to designate a document as Protected Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order waives the right to later designate a document not previously designated as Protected Information. If a party designates a document as Protected Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Protected Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Protected Information.

**7.** **502(d) Order and Clawback Procedure.**

**(a)** The inadvertent production of confidential, privileged or work-product protected documents, ESI, or information, including witness testimony, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This

6

Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Confidential, privileged or work-product protected documents or information, including copies thereof, may be so designated subsequent to production should either party fail to make such designation at the time of production, either inadvertently or otherwise.

**(b)** If discovery material that is privileged or subject to the work-product doctrine is identified by the disclosing party as privileged or subject to the work-product doctrine subsequent to production ("Clawback Notice"), the party receiving such material shall promptly return the material or certify that it has been destroyed provided the receiving party does not dispute that such material is privileged or subject to the work-product doctrine

**(c)** If the receiving party disputes that that the material is privileged or subject to the work-product doctrine, it must notify the disclosing party of the dispute within five days of the Clawback Notice and promptly sequester the information until the privilege claim is resolved. If the designating party continues to maintain the material is privileged and reasserts its request for destruction then, within ten days of notice of same, the receiving party may file a motion under seal, seeking an order declaring that the information is not privileged. If the receiving party does not file such a motion, it shall promptly return the material or certify that it has been destroyed. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

**8.** **Filing of Protected Information.** This Order does not, by itself, authorize the filing of any document. Any party wishing to publicly file a document designated as Protected Information in connection with a motion, brief or other submission to the Court must obtain the consent the designating party.

7

9.      **Introducing Protected Information in Court Proceedings.**  A party who seeks to introduce "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information at a hearing, pretrial or other proceeding shall advise of the Court at the time of introduction that the information sought to be introduced is protected.  If the party who designated the information as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" requests the protection to be continued, the Court will review the information *in camera* to determine if the information is entitled to continued protection.  Prior to disclosure of "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at a hearing, the producing party may seek further protections against public disclosure from the Court.

10.      **No Greater Protection of Specific Documents.**  Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

11.      **Challenges by a Party to Designation as Protected Information**.  The designation of any material or document as Protected Information is subject to challenge by any party.  The following procedure shall apply to any such challenge.

(a)      **Meet and Confer.**  A party challenging the designation of Protected Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party.  In conferring, the challenging party must explain the specific basis for its belief that each confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation,

8

and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within seven (7) business days.

**(b)    Judicial Intervention.**  A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the specific basis for the challenge for each document.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure.  The burden of persuasion in any such challenge proceeding shall be on the designating party.  Until the Court rules on the challenge, all parties shall continue to treat the materials as Protected Information under the terms of this Order.

**12.    Action by the Court.**  Applications to the Court for an order relating to materials or documents designated Protected Information shall be by motion.  Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

**13.    Use of Protected Documents or Information at Trial.**  Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing.  A party that intends to present or that anticipates that another party may present Protected information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Protected Information.  The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

**14.    Protected Information Subpoenaed or Ordered Produced in Other Litigation.**

**(a)**    If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as

9

Protected Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

**(b)** The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

**(c)** The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Protected Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Protected Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Protected Information by the other party to this case.

**15.    Obligations on Conclusion of Litigation.**

**(a)    Order Continues in Force.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

**(b)    Obligations at Conclusion of Litigation.** Within sixty (60) days after dismissal or entry of final judgment not subject to further appeal, all parties in receipt of Protected Information and documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Order, shall use reasonable efforts to either return such materials and copies thereof to the producing party

10

or destroy such Protected Information and certify that fact. The receiving party's reasonable efforts shall not require the return or destruction of Protected Information from (i) disaster recovery or business continuity backups, (ii) data stored in system-generated temporary folders or near-line storage, (iii) archived data with limited end-user accessibility, and/or (iv) material that is subject to legal hold obligations or commingled with other such material. Backup storage media will not be restored for purposes of returning or certifying destruction of Protected Information, but such retained information shall continue to be treated in accordance with the Order.

(c) **Retention of Work Product and One Set of Filed Documents**. Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Protected Information so long as that work product does not duplicate verbatim substantial portions of Protected Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Protected Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Protected Information.

**16. Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

**17. Reservation of Rights.** Nothing contained in this Order or any designation of confidentiality hereunder, or any failure to make such designation, shall be used or characterized by any party as an admission by a Party or a Party opponent. Nothing in this Order shall be deemed an admission that any particular information designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" is

11

entitled to protection under the Order, Fed. R. Civ. P. 26(c), or any other law. Nothing in this Order shall be construed as granting any person or entity a right to receive specific "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information where a court has entered an order precluding that person or entity from obtaining access to that information.  The Parties specifically reserve the right to challenge the designation of any particular information as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and agree that by stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to introduce or use as evidence any of the documents covered by this Order.

**18.     No Prior Judicial Determination.**     This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery.  Nothing herein shall be construed or presented as a judicial determination that any document or material designated Protected Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**19.     Persons Bound.**  This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

**20.     THE FOLLOWING ADDENDUM IS DEEMED INCORPORATED INTO THE PARTIES' STIPULATION AND CONFIDENTIALITY ORDER.**

(a)     The parties understand that the Court's "so ordering" of this stipulation does not make the Court a party to the stipulation or imply that the Court agrees that documents designated as "Confidential" by the parties are in fact confidential.

(b)     It has been this Court's consistent experience that confidentiality stipulations are abused by parties and that much material that is not truly confidential is designated as such. The Court does not intend to be a party to such practices. The Court operates under a presumption that the entire record should be publicly available.

(c)     The Court does not ordinarily file decisions under seal or redact material from them. If the Court issues a decision in this case that refers to "confidential" material under this stipulation, the decision will not be published for ten days. The parties must, within that ten-day period, identify to the Court any portion of the decision that one or more of them believe should be redacted, provide the Court with the purportedly confidential material, and explain why that material is truly confidential. The Court will then determine whether the material is in fact genuinely deserving of confidential treatment. The Court will only redact portions of a publicly available decision if it concludes that the material discussed is in fact deserving of such treatment. The Court's decision in this regard is final.

(d)     If this addendum is acceptable to the parties, the Court will sign their proposed confidentiality stipulation, subject to the addendum. If this addendum is not acceptable, the Court will not sign the stipulation, and should allegedly confidential material be produced, the parties will be referred to the magistrate judge for a document by document review and decision on whether that document should be subject to confidential treatment.

13

Dated: February 11, 2022
New York, New York

Upon consent of the parties:


*/s/ Laurie Rubinow*
James E. Miller
Laurie Rubinow[1]
MILLER SHAH LLP
65 Main Street
Chester, CT 06412
jmiller@millershah.com
lrubinow@millershah.com


Mark K. Gyandoh
CAPOZZI ADLER, P.C.
312 Old Lancaster Road
Merion Station, PA 19066
markg@capozziadler.com

*Counsel for Plaintiffs, the Plan,
and the Proposed Class*

*/s/ Adam B. Shamah*
LATHAM & WATKINS LLP
Jeff G. Hammel
Adam B. Shamah
1271 Avenue of the Americas
New York, NY 10020
Tel: (212) 906-1200
Fax: (212) 751-4864
Email: Jeff.hammel@lw.com
Adam.shamah@lw.com


Peter A. Wald (*pro hac vice*)
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Tel: (415) 391-0600
Fax: (415) 395-8095
Email: Peter.wald@lw.com

Heather A. Waller (*pro hac vice*)
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Tel: +1.312.876.6554
Email: heather.waller@lw.com

*Attorneys for Defendants*


*So Ordered*.

Dated: _2/14/2022_

Hon. Colleen McMahon
United States District Judge

---

[1] Defendants use electronic signatures with consent in accordance with Rule 8.5(b) of the Court's ECF Rules and Instructions.

14

**ATTACHMENT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Omnicom Group Inc. ERISA Litigation | No.: 20-cv-04141 |
| | Judge: Hon. Colleen McMahon |

**ACKNOWLEDGMENT AND**
**AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated

_____ in the above-captioned action and attached

hereto, understands the terms thereof, and agrees to be bound by its terms.  The undersigned

submits to the jurisdiction of the United States District Court for the Southern District of New

York in matters relating to the Confidentiality Order and understands that the terms of the

Confidentiality Order obligate him/her to use materials designated as Protected Information in

accordance with the Order solely for the purposes of the above-captioned action, and not to

disclose any such Protected Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in

penalties for contempt of court.

Name: _____

Title: _____

Employer: _____

Date: _____     Signature: _____

15