


MILLERSHAH
ATTORNEYS AT LAW

Telephone: (866) 540-5505
Facsimile: (866) 300-7367
www.millershah.com

**VIA ECF**

February 18, 2022

The Honorable Colleen McMahon
United States District Court for the Southern District of New York
500 Pearl Street, Room 2550
New York, NY 10007

**Re:** ***In re Omnicom Grp., Inc. ERISA Litig.*,**
**Case No. 1:20-cv-04141-CM- SLC**

Dear Judge McMahon,

We represent the Plaintiffs[1] in the above-referenced matter and we write to request permission to file certain exhibits to Plaintiffs' motion for class certification and supporting briefing, which will be filed on this date, under seal and to redact quotations from those exhibits from the public filing on ECF.

Plaintiffs' motion for class certification and supporting briefing reference and attach documents that Defendants have designated as "Confidential" pursuant to the protective order entered by the Court (ECF No. 67), which provides for confidential treatment of documents that contain, for example, proprietary business information trade secrets including non-public creative intellectual property, or other competitively sensitive information. While Plaintiffs do not independently take the position that the documents sought to be filed under seal require such protection, Plaintiffs make the instant request out of an abundance of caution and deference to Defendants' designations under the protective order. Plaintiffs also note that their request only seeks leave to file two documents under seal and redact limited information from those documents appearing elsewhere in Plaintiffs' briefing. This limited request will enable the public to adequately understand the substance and grounds of Plaintiffs' motion for class certification even without public filing of the documents sought to be sealed.

Courts in this circuit have recognized that the presumption of public access to judicial documents must be weighed against "the role of the material at issue" and the

[1]The Plaintiffs in this Action are Shane Tepper, Surfina Adams, Michael Mensack, Carol Maisonette, and Daniel Dise.



©Miller Shah LLP

Case 1:20-cv-04141-CM Document 68 Filed 02/18/22 Page 2 of 2




Telephone: (866) 540-5505
Facsimile: (866) 300-7367
www.millershah.com

The Honorable Colleen McMahon
February 18, 2022
Page 2

resulting value of such information to the public. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006); *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995). Accordingly, public disclosure is often outweighed by the privacy interests of the party subject to disclosure in similar circumstances. *See, e.g., GoSmile, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (granting motion to seal "highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting"); *United States v. Wey*, 256 F. Supp. 3d 355, 411 (S.D.N.Y. 2017) (granting motion to seal "sensitive medical, financial, educational, and other personal information pertaining to non-parties"). Since Defendants have designated the documents sought to be sealed as "Confidential" pursuant to a provision of the protective order applicable to, *inter alia*, proprietary business information and other competitively sensitive information, there is good cause to grant Plaintiffs' request.

Should the Court grant this request, unredacted courtesy copies of Plaintiffs' motion for class certification and accompanying briefing and the attachments thereto will be delivered to the Court. Redacted versions of the briefing and any exhibits which may be filed under seal will be filed on the public record on February 18, 2022.

We are available to discuss this request further at the Court's convenience. Thank you for Your Honor's consideration of this joint request of the parties.

Respectfully submitted,

*/s/ Laurie Rubinow*
Laurie Rubinow
LR:bf

*Counsel for Plaintiffs, the Plan, and the Proposed Class*



©Miller Shah LLP

