Jeff G. Hammel
Direct Dial: +1.212.906.1260
jeff.hammel@lw.com

# LATHAM&WATKINS LLP

> A telephonic conference is scheduled for **Wednesday, April 20, 2022 at 10:00 am** on the Court's conference line. The parties are directed to call 866-390-1828, access code: 380-9799, at the scheduled time.
>
> The Clerk of Court is respectfully directed to close ECF Nos. 84 and 85.
>
> SO ORDERED 4/12/2022
>
> *(signature)*
> SARAH L. CAVE
> United States Magistrate Judge

April 8, 2022

**VIA ECF**

The Honorable Sarah L. Cave
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1670
New York, NY 10007

      Re:   *In re Omnicom Group Inc. ERISA Litigation*, No. 1:20-cv-04141
              <u>Letter Motion to Request Local Rule 37.2 Conference</u>

Dear Judge Cave:

      Defendants Omnicom Group Inc., the Board of Directors of Omnicom Group Inc., and the Administrative Committee of the Omnicom Group Retirement Savings Plan (together, "Omnicom") respectfully request a Local Rule 37.2 conference regarding Omnicom's request for an order compelling Plaintiffs to produce documents relating to their investments outside the Omnicom Retirement Plan.

      Plaintiffs—five current and former participants in the Omnicom Retirement Plan—sued Omnicom claiming it breached its fiduciary duty of prudence under the Employee Retirement Income Security Act of 1974 ("ERISA"). ERISA requires retirement plan fiduciaries to "discharge [their] duties with respect to a plan . . . with the care, skill, *prudence*, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use." 29 U.S.C. § 1104(a)(1)(B) (emphasis added).

      As relevant here, Plaintiffs allege that Omnicom breached its duty of "prudence" by selecting and retaining a specific investment option in the Plan—the *actively managed* Fidelity Freedom Funds Active Suite. The operative complaint expressly alleges that Omnicom should have replaced the Active Suite with the *passively managed* Fidelity Freedom Funds Index Suite. *See* Second Am. Compl. ("SAC") ¶¶ 34-35 (ECF No. 54). Plaintiffs broadly attack active management, and suggest that only passively managed target-date funds are appropriate for Plan participants.[1] Given Plaintiffs' categorical attack on active management, Omnicom sought

---

[1] For example, Plaintiffs allege that "[a]lthough they may experience success over shorter periods, active fund managers are rarely able to time the market efficiently and frequently enough to outperform the market." *Id.* ¶ 39. Likewise, Plaintiffs allege that "[a]ctively managed funds tend to charge higher fees than index funds," and "[t]hese extra costs present an additional hurdle for active managers to clear in order to provide value and compensate investors for the added risk resulting from their decision-making." *Id.*

**LATHAM&WATKINS**LLP

discovery related to Plaintiffs' non-Plan investments. For example, request Nos. 6, 7, and 8 of Omnicom's First Request for Production of Documents ("RFP") each sought Plaintiffs' documents and communications relating to investments that Plaintiffs held outside of the Plan.[2] Plaintiffs objected that Omnicom's duties run to the Plan as a whole and therefore individual Plaintiffs' non-Plan investments are purportedly irrelevant to their challenge to the Freedom Funds. The parties met and conferred by telephone on February 28, 2022. During that call, Omnicom raised the issue of Plaintiffs' non-Plan investment options, and highlighted the SAC's allegations about active management and the Active Suite's risks (*e.g.*, SAC ¶¶ 39, 41, 43). Given those allegations, Omnicom reiterated that the question whether Plaintiffs held *other* actively managed investments outside the Plan was relevant and that related documents were discoverable. Plaintiffs maintained their objections to those requests, but counsel indicated that they would not instruct their clients not to answer questions about non-Plan investments if asked at depositions. On March 3, Omnicom again explained why Plaintiffs' non-Plan investments are relevant to Plaintiffs' challenge to actively managed investments, and asked whether Plaintiffs intend to rely on the allegations in their complaint about active management. On March 7, Plaintiffs responded that they "maintain that the[ir] objections [to Omnicom's requests] are proper," and "intend to rely on the allegations" about active management.

That is where things stood until the recent depositions of the five named Plaintiffs (between March 22 and 31, 2022) confirmed that relevant documents exist and have been withheld, and underscored the relevance of those documents. REDACTED

After those depositions concluded, Omnicom wrote to Plaintiffs on April 4, 2022, citing the testimony and reiterating its request that Plaintiffs produce these relevant documents about their non-Plan

---

And they suggest that "the average unsophisticated investor, such as the typical participant in the Plan, tends to gravitate toward the all-in-one savings solution a target date fund offers" and that Plan participants therefore "should be shielded from" funds like the Active Suite with "active manager[s]." *Id.* ¶ 43; REDACTED

[2] Consistent with Your Honor's rules, we are keeping exhibits to a minimum. If the Court would like to see any documents cited in this letter but not attached as an exhibit we will provide them.

[3] REDACTED

investments. Given the impending close of fact discovery today (April 8), Omnicom asked for a response by April 5.

On April 5, Plaintiffs' counsel stated they were "in contact with our clients about the items raised in your email" and requested "additional time to sufficiently respond to each of your requests." Yesterday (April 7), Plaintiffs' wrote that they were "continuing to consult with [their] clients" and "would provide a full response" and a "supplemental production by 1:00 pm eastern tomorrow [April 8]." Today at noon, the parties met and conferred by telephone. Plaintiffs stood on their objection and refused to produce any documents regarding their outside investments in response to RFPs No. 6, 7, and 8.[4] Afterward, Plaintiffs confirmed in writing that they would not produce the requested documents. Ex. B. Omnicom informed Plaintiffs it would proceed with this motion.

Defendants are entitled to an order compelling Plaintiffs to produce these documents, which are plainly relevant to Plaintiffs' case. *See* Fed. R. Civ. P. 26(b)(1); *Galgano v. Cty. of Putnam*, 2020 WL 5731783, at *2 (S.D.N.Y. Sep. 24, 2020) (noting "Rule 26(b)(1) presents a 'relatively low threshold'" and "relevance, for purposes of discovery, is an extremely broad concept" (citation omitted)). Indeed, other courts have concluded that ERISA plaintiffs' non-plan investment options are relevant to claims about excessive fees and underperformance, and have compelled disclosure of that evidence—particularly when the plaintiffs themselves introduce the issue into the case through their complaint. *See* Order, *Krueger v. Ameriprise Fin., Inc.*, No. 11-cv-2781, slip op. at 8-10 (D. Minn. Aug. 15, 2013) (Dkt. No. 181) (Ex. A) (compelling discovery of non-plan investments because "if [plaintiffs] were invested in the [same or similar challenged funds] through other vehicles . . . that could bear on or negate their claim that the Plan fiduciaries acted imprudently by including the [challenged] funds as an investment option" and bears on the "typicality or adequacy of plaintiffs as class representatives"); *In re: YRC Worldwide, Inc. ERISA Litig.*, 2011 U.S. Dist. LEXIS 169770, at *5-9 (D. Kan. Mar. 4, 2011) (similarly compelling discovery of plaintiffs' non-plan investments when the issue "has been introduced into this case by plaintiffs in their consolidated complaint").

This Court should reach the same result here. Plaintiffs challenge the prudence of including the actively managed Freedom Funds in the Plan and attack active management more broadly. REDACTED Omnicom is entitled to discovery relating to these issues. While Plaintiffs have cited case law (Ex. B at 2), none precludes discovery in *this case*, where the operative pleading makes these issues relevant. Defendants respectfully request a Local Rule 37.2 conference regarding this dispute.

---

[4] In addition to the discovery issue related to Plaintiffs' non-Plan investments, Omnicom has raised additional discovery issues with Plaintiffs' (including those related to Plaintiffs' retention of documents and adequacy of their record searches) that Plaintiffs claim to have addressed in their supplemental production, which Omnicom received today at 1:00 p.m. ET. Omnicom intends to evaluate the adequacy of that production and supplement this filing if necessary.

**LATHAM&WATKINS**LLP

                              Respectfully,

                              */s/ Jeff G. Hammel*
                              Jeff G. Hammel
                              of LATHAM & WATKINS LLP

cc:      All Counsel of Record (via ECF)