UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

In re OMNICOM GROUP INC.                 20 civ. 04141(CM)
ERISA LITIGATION

-------------------------------------------------------------X

## ORDER

McMahon, J.:

    Defendants have filed a letter motion (Dkt. #134) asking for permission to file almost everything in support of their motion for summary judgment and motions to exclude testimony of plaintiff's various experts under seal.

    Defendants point to the fact that these materials either were designated as "confidential" pursuant to the parties confidentiality stipulation or contain material that has been designated as "confidential." Sadly, that won't wash. We have reached the point in this lawsuit where that confidentiality stipulation – designed to facilitate discovery – ceases to persuade. The parties cannot say that I did not warn them; the version of the stipulation that I signed contained my addendum, in which I expressed the view that most of what gets designated as confidential is really not.

    Defendants acknowledge the presumption of public access. That means they must justify, on a line by line basis, the reason why any portion of a document that they seek to file under seal qualifies as truly confidential, and on a line by line basis why portions of briefs they seek to file under seal are confidential.

    For the moment, defendants must provide chambers with unredacted copies of all briefs, reports and exhibits (hard copies; we are not going to do your copying for you). For the moment, you may file the briefs and supporting motion papers in redacted form and the exhibit under seal. As soon as briefing on the motions is complete, get to work justifying why each individual exhibit and each line or reference in a brief or affidavit qualifies as a trade secret or is otherwise properly filed under seal. As was stated in the confidentiality addendum the parties accepted, my decision on what can and cannot remain under seal will be final.

    Defendants also ask for oral argument on the summary judgment motions and the Daubert motions (Dkt. #135). We shall see if it is necessary; it rarely is.

    The Clerk should remove the documents at Dkt ##134 and 135 from the court's list of open motions.

Dated: October 24, 2022

_____
U.S.D.J.

BY ECF TO ALL COUNSEL