Jeff G. Hammel
Direct Dial: +1.212.906.1260
jeff.hammel@lw.com

1271 Avenue of the Americas
New York, New York 10020-1401
Tel: +1.212.906.1200 Fax: +1.212.751.4864
www.lw.com

# LATHAM&WATKINS LLP

| FIRM / AFFILIATE OFFICES | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Shanghai |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

December 12, 2022

**VIA ECF**

The Honorable Colleen McMahon
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 2550
New York, NY 10007

Re: *In re Omnicom Group Inc. ERISA Litigation*, No. 1:20-cv-04141
Letter Motion to Seal Exhibits, Reply Memoranda and Statements of Facts
in Support of Motion for Summary Judgment and Motions to Exclude
Testimony of Plaintiffs' Experts

Dear Judge McMahon:

On behalf of Defendants Omnicom Group Inc., the Board of Directors of Omnicom Group Inc., and the Administrative Committee of the Omnicom Group Retirement Savings Plan (collectively, "Defendants"), I write pursuant to Your Honor's Individual Practices to request permission to file under seal (i) two exhibits to the Supplemental Declaration of Jeff G. Hammel, (ii) the Reply Memorandum in Support of Defendants' Motion for Summary Judgment, (iii) the Reply Memorandum in Support of Defendants' Motion to Exclude the Opinions of Michael Geist, and (iv) Defendants' Reply to Plaintiffs' Response to Defendants' Statement of Material Facts.

Pursuant to the Rule 7.C of the Court's Individual Rules and Practices, the Court's addendum to the parties Stipulated Protective Order (ECF No. 67), and specifically in light of Your Honor's October 24, 2022 Order (ECF No. 155), Defendants have conducted a line-by-line review of the documents filed in connection with the Reply in Support of Defendants' Motion for Summary Judgment and Motions to Exclude Plaintiffs' Experts to determine which, if any, documents warrant filing under seal. Following that review, we request that two documents should be so filed: Exhibits 98 and 103.

***First***, Exhibit 98 contains a description of the fiduciary training provided by Plan counsel Mark Bokert to the Administrative Committee, *see* Ex. 98 at 28:4-15; 29:12-21. This information is therefore protected by the attorney-client privilege. In the ERISA context where the fiduciary is acting in the interest of the beneficiary, the attorney-client privilege benefits "plan beneficiaries on matters of plan administration." *Leber v. Citigroup 401(K) Plan Inv. Comm.*, 2015 WL 6437475, at *1 (S.D.N.Y. Oct. 16, 2015). In other words, when fiduciaries are acting in the

LATHAM&WATKINS LLP

capacity of an ERISA fiduciary on matters of plan administration, the privilege belongs to plan participants and the fiduciaries are prevented from asserting the attorney-client privilege against plan beneficiaries. *Id.* This is called the "fiduciary exception" to the attorney-client privilege. *Id.* The privileged advice of Mr. Bokert, therefore, was produced to the Plaintiffs (the plan beneficiaries), but should be protected from disclosure to the general public. *See In re Long Island Lighting Co.*, 129 F.3d 268, 272 (2d Cir. 1997) (the fiduciary exception applies only to "disable[] [a fiduciary] from asserting the attorney-client privilege against plan beneficiaries"). We therefore ask that this document be filed under seal.

*Second*, Exhibit 103 contains a proprietary presentation and report by the Plan's advisor, Mercer, prepared for and delivered to the Administrative Committee which contains Mercer's analyses, review and recommendations regarding Omnicom's investment structure. Mercer states that this presentation and report "contains confidential and proprietary information" and that the "findings, ratings and/or opinions expressed herein are the intellectual property of Mercer." *See* Ex. 103 at OMNICOM-00051942; *see also CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, 2021 WL 4135007, at *4 (S.D.N.Y. Sept. 10, 2021) (recognizing sensitive business information is among the "'higher values' consistently recognized by courts in this Circuit" as a "'countervailing factor' that can prevail over the presumption of public access"); *GoSmile, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (sealing documents containing proprietary material concerning the party's marketing strategies, product development, costs and budgeting). Defendants are working with Mercer to narrow and identify only that information that qualifies for protection given the presumption of public access at this stage of the proceeding, and will work with Mercer to provide the Court adequate justification and support for any information that they deem to merit protection.

*Third*, the Reply Memoranda in Support of Defendants' Motion for Summary Judgment and Motion to Exclude the Opinions of Michael Geist, and Defendants' Reply to Plaintiffs' Response to Defendants' Statement of Material Facts contain pricing information regarding the RFP that the Administrative Committee, through Mercer, conducted to solicit recordkeeping fee proposals from five recordkeepers. Courts in this district regularly maintain this type of information under seal. *See Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *6 (S.D.N.Y. Mar. 31, 2021) ("Examples of commonly sealed documents include those containing … 'pricing information'") (citations omitted); *Skyline Steel, LLC v. PilePro, LLC*, 101 F. Supp. 3d 394, 412–13 (S.D.N.Y. 2015) (sealing "highly confidential sales information, including pricing information"). Defendants are working with Mercer to narrow and identify only that information that qualifies for protection given the presumption of public access at this stage of the proceeding, and will work with Mercer to provide the Court adequate justification and support for any information that they deem to merit protection.

Accordingly, Defendants intend to file Exhibits 98 and 103, and the Reply Memoranda in Support of Defendants' Motion for Summary Judgment and Motion to Exclude the Opinions of Michael Geist, and Defendants' Reply to Plaintiffs' Response to Defendants' Statement of Material Facts under seal. Defendants will publicly file copies of these documents with sensitive information redacted while simultaneously filing a sealed copy with proposed redactions highlighted, through the ECF system. Defendants respectfully request the Court order that the

**LATHAM&WATKINS**LLP

ECF Clerk seal Exhibits 98 and 103, and the Reply Memoranda in Support of Defendants' Motion for Summary Judgment and Motion to Exclude the Opinions of Michael Geist, and Defendants' Reply to Plaintiffs' Response to Defendants' Statement of Material Facts.

Finally, given the Court's guidance in its October 24 Order, Defendants are diligently reviewing the documents filed under seal in support of Defendants' Motion for Summary Judgment and Motions to Exclude Testimony of Plaintiffs' Experts, as well as in Plaintiffs' responsive briefing, and can report the following:

- Defendants have identified that Exhibits 3-14 to the Rubinow Declaration may be unsealed.

- Exhibit 70 to the Hammel Declaration contains information protected by the attorney-client privilege but subject to the fiduciary exception. As discussed above, while this information has been produced to the Plaintiffs as beneficiaries of such privilege, it should be protected from disclosure to the public. *See Leber*, 2015 WL 6437475, at *1 (explaining the fiduciary exception to that attorney-client privilege in the ERISA context).

- Exhibits 65-66, and 68 to the Hammel Declaration contain highly sensitive, competitive information regarding the RFP that the Administrative Committee conducted during the course of 2019-2021. Defendants believe this competitively sensitive information—namely, recordkeeping fee bids submitted to Omnicom by five competing recordkeepers—qualify for protection despite the presumption of public access at this stage of the proceeding. *See Skyline Steel, LLC*, 101 F. Supp. 3d at 412–13 (sealing "highly confidential sales information, including pricing information"). Defendants are working with Mercer to narrow and identify only that information that qualifies for protection given the presumption of public access at this stage of the proceeding, and will work with Mercer to provide the Court adequate justification and support for any information that they deem to merit protection.

- Exhibits 29-61, 65, 67-69, 71, 74-75, and 77 to the Hammel Declaration and Exhibits 27 and 52 to the Rubinow Declaration include proprietary presentations and reports made for and delivered to the Administrative Committee by the Plan's advisor, Mercer. Mercer states that these presentations and reports "contain[] confidential and proprietary information" and that the "findings, ratings and/or opinions expressed [t]herein are the intellectual property of Mercer." Defendants are working with Mercer to narrow and identify only that information that qualifies for protection given the presumption of public access at this stage of the proceeding, and will work with Mercer to provide the Court adequate justification and support for any information that they deem to merit protection.

\*     \*     \*

LATHAM&WATKINS LLP

      Defendants are continuing review of all prior sealed exhibits, including the exhibits containing deposition excerpts in light of the limited confidentiality designations that Defendants timely identified to Plaintiffs pursuant to Section 3 of the parties' Stipulated Protective Order. Defendants will promptly conclude their review and provide the Court with a comprehensive list of which information—in each individual exhibit and each line or reference in a brief or affidavit—they believe shall remain under seal given the presumption of public access at this stage of the proceeding.

      Respectfully,

Jeff G. Hammel
of LATHAM & WATKINS LLP

cc:    All Counsel of Record (via ECF)