USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/12/2023

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re Omnicom Group Inc. ERISA Litigation* | Case No.: 1:20-cv-04141-CM-SLC |

### ORDER OVERRULING OBJECTIONS OF CLASS MEMBER JAMES MURRAY MCLAINE TO CLASS ACTION SETTLEMENT

Colleen McMahon, Senior United States District Judge:

Class member James Murray McLaine objects to the fairness and adequacy of the proposed class action settlement and more specifically to the Plan of Allocation. (*See* Dkt. No. 265-1). For the following reasons articulated by Class Counsel in their Reply in Support of the Motion for Settlement (Dkt. No. 264), I overrule Mr. McLaine's objections in their entirety:

- Plaintiffs and Class Counsel reviewed the specific investment raised by the Objection in the course of their pre-suit investigation and determined that any claims related to that investment likely would not prevail.

- To the best of Plaintiffs' knowledge and belief, neither the Objector nor any other member of the Settlement Class has sought to pursue breach of fiduciary duty claims apart from this litigation.

- The Objector did not contact Class Counsel during the litigation to express any concerns about the specific investment now featured in the Objection.

- The Objection's supporting evidence is improperly based on the BNY Fund's 10-year performance as of September 2023. The fund's performance is only relevant up until 2016, when the Plan stopped offering the Fund.

- The Objection that Plan participants will no longer be able to gain recourse for ERISA compliance issues with the Plan prior to the May 28, 2014 date ignores the fact that claims prior to that date are already barred by ERISA's statute of repose.

- The Settlement represents a favorable result for the Class given that it is approximately 48% of the midpoint of the reasonable damages calculations performed by Plaintiffs and their experts, based on claims that were left to be tried.

As the court stated at the Fairness hearing (which the Objector did not attend), I am far more familiar with this case that with most class actions presented to me for settlement, as the case was literally on the eve of a bench trial and the court, in its capacity as trier of fact, had already read the direct testimony of the witness and reviewed many of the exhibits. The

1

settlement to which the parties agreed is, as far as I am concerned, more than fair. No issue raised by the Objector alters my opinion on that score.

Dated: December 12, 2023

_____
United States District Judge

BY ECF TO ALL PARTIES